**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-17369 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-00273-RCJ-GWF |
| v. | |
| REINHOLD V. SOMMERSTEDT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted May 24, 2011[**]

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Reinhold V. Sommerstedt appeals pro se from the district court's summary judgment for the United States in its action brought under 26 U.S.C. §§ 7402 and 7408 to enjoin him from promoting, organizing, and selling abusive tax evasion and shelter products in violation of 26 U.S.C. § 6700. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 652 (9th Cir. 2002), and for an abuse of discretion the imposition of an injunction, *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1097 (9th Cir. 2000). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment because Sommerstedt failed to raise a genuine dispute of material fact as to whether the tax avoidance plans that he promoted constituted conduct subject to penalty under § 6700. Accordingly, because the statutory requirements were met, the district court did not abuse its discretion in granting injunctive relief to the United States under § 7408. *See Estate Pres. Servs.*, 202 F.3d at 1098 (setting forth statutory requirements for injunctive relief under § 7408 for violations of § 6700).

However, Sommerstedt contends that the injunctive relief granted under § 7402 violates his Fifth Amendment right against self-incrimination. Although we are not persuaded with respect to the requirement that Sommerstedt notify customers of the injunction against him, we agree that compelling Sommerstedt to provide the government with a list of customers is privileged because it may lead to incriminating evidence in a subsequent investigation. *See United States v. Hubbell*, 530 U.S. 27, 38 (2000) ("Compelled testimony that communicates

information that may lead to incriminating evidence is privileged even if the information itself is not inculpatory." (citation and internal quotation marks omitted)).

Accordingly, we remand for further proceedings consistent with our disposition.

Sommerstedt's remaining contentions are unpersuasive.

Sommerstedt's pending motions are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**